IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON                                                                                    PLAINTIFF

v.                                              Civil No. 4:22-cv-04043

CHARLES E. BLACK, Prosecuting Attorney; and
CONNIE MITCHELL, Deputy Prosecuting Attorney                                    DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff Timothy Wade Jackson pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff is currently an inmate in the Miller County Detention Center in Texarkana, Arkansas. He filed his original Complaint on May 26, 2022. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint on June 9, 2022. (ECF No. 7). Plaintiff states at the time of the alleged incidents he was in jail and still awaiting trial on pending criminal charges. (ECF No. 7, p. 3).

Plaintiff names the following individuals as Defendants in the Complaint: Charles E. Black – Prosecuting Attorney; and Connie Mitchell – Deputy Prosecuting Attorney. (ECF No. 7, pp. 2-

3).  Plaintiff is suing Defendants in their individual capacities only.  *Id.* at pp. 4-6.  He is seeking compensatory damages.  *Id.* at p. 7. Plaintiff alleges he told Defendants he was being unlawfully held against his will and neither one of them would help him. *Id.* at pp. 4, 6.

## II.   APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

Defendants Charles E. Black and Connie Mitchell are identified by Plaintiff as prosecutors in the Eighth Judicial District, Miller County Arkansas.  The Court assumes, for the purpose of this screening Order, Defendant Black and Mitchell are the prosecutors involved in pursuing the criminal charges against Plaintiff.  Plaintiff's claims against these Defendants must be dismissed because as prosecutors they are immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a

civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

Plaintiff fails to allege that Defendants Black or Mitchell engaged in any conduct other than actions taken in connection with their duties as prosecuting attorneys during Plaintiff's criminal case. Accordingly, Defendants and Mitchell are entitled to absolute immunity and the claims against them should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, I recommend Plaintiff's claims against all Defendants be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this 13th day of June, 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE